# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>    James P. Wagner Sr.,<br>                    Debtor. | Case No. 20-27842-beh<br>Chapter 7 |
| Schiller DuCanto & Fleck LLP,<br>                    Plaintiff,<br>   vs.<br>James P. Wagner Sr.,<br>                    Defendant. | Adversary No. 21-____ |

## ADVERSARY COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

NOW COMES the Plaintiff, by their attorneys, Krekeler Strother, S.C., and as and for their complaint allege and show the Court the following:

### Parties and Jurisdiction

1. Schiller DuCanto & Fleck LLP, the Plaintiff herein, is a law firm, with a principal place of business located at 100 North Field Drive, Suite 160, Lake Forest, IL 60045. Plaintiff is a creditor in the above-captioned bankruptcy case.

2. James P. Wagner Sr., the Defendant herein, is an individual, with a principal residence located at 3839 N. Southwood Drive, Oconomowoc, WI 53066. The Defendant is the Debtor in the above-captioned bankruptcy case.

3. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

4. Pursuant to F.R.B.P. 7008, Plaintiff consents to entry of final orders or judgment by the bankruptcy judge.

Drafted by:
Carrie Werle
Krekeler Strother, S.C.
2901 W. Beltline Hwy, Ste. 301
Madison, WI 53713
Tel: 608-258-8555 / Fax: 608-258-8299
cwerle@ks-lawfirm.com

## Background

5. James P. Wagner Sr. (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 7, 2020 (the "Petition Date").

6. The Debtor previously filed a Chapter 7, Case No. 19-25669-beh on June 10, 2019.

7. Plaintiff is creditor of the Debtor.

8. Plaintiff represented, Stella Olis (f/k/a/ Wagner), Debtor's ex-wife in proceedings against Debtor for Petition for Rule to Show Cause and for Indirect Civil Contempt for his failure to pay spousal support to Stella Olis and Debtor's failure to comply with a Citation to Discover Assets in the attempt to collect support arrearages owed to Stella Olis.

9. On or around December 11, 2018 Stella Olis, through her attorney, Plaintiff, issued a Citation to Discover Assets against Debtor. Debtor had failed to pay Stella Olis her court ordered maintenance and child support as ordered in the divorce decree.

10. On or around February 7, 2019, Plaintiff's filed a Petition for Rule to Show Cause and for Indirect Civil Contempt for Debtor's failure to comply with a Citation to Discover Assets.

11. On or around April 22, 2019, Plaintiff's filed a Supplemental Petition for Rule to Show Cause and for Indirect Civil Contempt for failure to comply with a Citation to Discover Assets.

12. On or around June 4, 2019, Plaintiff's filed a Second Supplemental Petition for Rule to Show Cause.

13. The Court held that Debtor "willfully and contumaciously" violated the Citation to Discover Assets. The Court ordered a Contempt award to Stella Olis and a Judgment award for attorney fees and cost to Plaintiff in the amount of $43,984.20 on or around

August 10, 2020. Debtor was to directly pay Plaintiff for the Judgment award entered in their favor.

14. On or around October 7, 2020 Debtor was ordered to pay an additional $30,615.50 to Plaintiff in conjunction with the contempt proceedings and willful non-compliance under Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act ("IMDMA") 750 ILCS 5/508(b) (West 2012).

15. Section 508(b) provides, in part, that "[i]n every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party." 750 ILCS 5/508(b) (West 2012).

16. The spousal maintenance that Debtor had refused to pay has already been determined by this Court as non-dischargeable under § 523(a)(5) and the additional obligations owed to Stella Olis were determined non-dischargeable under § 523(a)(15) in Adversary Proceeding Case No. 19-02131-beh.

17. As a result of multiple contempt proceedings, the orders were issued imposing the sanctions that the Debtor pay Plaintiff directly, instead of paying Stella Olis the attorney fees and costs.

18. On Debtor's bankruptcy schedules Debtor listed the debt to Plaintiff on Schedule F as disputed and subject to offset with an unknown value.

19. As of the Petition Date, the Debtor owes a total of $75,599.70 plus statutory interest to Plaintiff.

### Count 1– Nondischargeability Under § 523(a)(5)

20. The attorney fees and costs owed to Plaintiff are non-dischargeable as a domestic support obligation under 11 U.S.C. § 523(a)(5) as they are in the nature of support within the meaning of "domestic support obligation" under 11 U.S.C. § 101(14A).

21. To classify as a "domestic support obligation" under § 101(14A) the following elements must be met by Plaintiff:

    1. A debt owed to or recoverable by Debtor's former spouse or child,
    2. In the nature of alimony, maintenance, or support, without regard to whether such debt is expressly so designated,
    3. Established by court order, and
    4. Not assigned to a governmental unit.

22. Wisconsin courts follow the majority rule and decline to construe § 523(a)(5) strictly and limit its application only to payment made directly to the former spouse. *Zimmerman v. Hying (In re Hying),* 477 B.R. 731, 734 (Bankr. E.D. Wis. 2012).

23. To determine if the debt owed to Plaintiff's is in nature of support or maintenance, the Court must consider whether the action which gave rise to the debt has a tangible relationship to the support or maintenance. *In re Hying,* 744 B.R. 731 at 734 citing *In re Sullivan*, 423 B.R. 881, 883 (Bankr.E.D.Mo.2010).

24. Stella Olis was awarded maintenance and child support during the dissolution proceedings and Plaintiff expended legal fees and costs in connection with the Debtor's attempts to eschew payment of the maintenance and child support.

25. Plaintiff's attorney fees were incurred in collective proceedings to enforce Debtor's spousal maintenance and child support obligations. The attorney fees have a direct relationship to the welfare of Stella Olis and therefore are in the nature of support.

26. The *Hying* court reached the same conclusion that legal services performed that have an appreciable relationship to the welfare of spouse or child to recover maintenance or child support are in the nature of support. *Id.* at 735.

27. There are two court orders directing Debtor to pay Plaintiff in response to the legal services performed to enforce Stella Olis' spousal and child support awards. Therefore, the legal fees awarded to Plaintiff are non-dischargeable under § 523(a)(5) as they are in the nature of support.

**Count 2– Nondischargeability Under § 523(a)(15)**

28. In the alternative, if the Court found the debt owed to Plaintiff does not fall under a domestic support obligation the debt would still be non-dischargeable under § 523(a)(15) as support and nonsupport debts are non-dischargeable in Chapter 7.

29. 11 U.S.C. § 523(a)(15) states that any debt to a spouse, former spouse, or child of the debtor, and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce, decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

30. Plaintiff's attorney fees and costs were incurred in the course of divorce proceedings and contempt hearings to enforce Stella Olis' maintenance and child support. Plaintiff is entitled to their attorney fees and costs by court order.

31. Plaintiff's fee agreement for services states that Stella Olis is liable for attorney fees "***unless and until*** (*emphasis added*) a contribution is received from the opposing party." Stella Olis is not relieved from liability for the attorney fees and costs until Debtor pays.

32. Plaintiff's attorney fees, while not directly payable to Stella Olis, nevertheless constitute a debt owed to owed "to a spouse or former spouse, or child of the debtor" as Stella Olis has incurred a balance of $75,599.70 in attorney fees.

33. The court orders for contempt created new obligations by directing Debtor to pay Plaintiff and thus the debts are owed to a former spouse incurred in a divorce proceeding.

34. Debtor is not entitled to offset, in the event that Stella Olis was to pay Plaintiff directly because then Debtor would be forced to indemnify Stella Olis for her payment to Plaintiff.

35. Debtor is trying to shift the obligation to pay Plaintiff's attorney fees and costs back to Stella Olis which is strictly against the directions of the contempt order and what § 523(a)(15) was intended to prevent.

36. Debtor filed a Chapter 7 bankruptcy and under Chapter 7 bankruptcy debts under §§ 523(a)(5) and 523(a)(15) are non-dischargeable.

## Conclusion

37. The Debtor should be denied a discharge this debt to the Plaintiffs as the award of attorney fees and costs is non-dischargeable under §§ 523(a)(5), or in the alternative 523(a)(15).

38. The Plaintiffs seek to recover actual damages including costs and attorney fees, from the Defendant.

WHEREFORE, the Plaintiffs respectfully request an Order of the Court granting the following relief:

1. A money judgment in the amount of $75,599.70;

2. A determination that this debt is non-dischargeable under 11 U.S.C. § 523(a)(5) or in the alternative 11 U.S.C. § 523(a)(15);

3. An award of reasonable attorney fees and costs; and

4. For any other relief the Court deems just and appropriate.

Dated this March 5, 2021.                    KREKELER STROTHER, S.C.

                                           By:        */s/ Carrie S. Werle*
                                                   Carrie S. Werle
                                                   Attorney for the Plaintiffs
                                                   2901 W. Beltline Hwy., Suite 301
                                                   Madison, WI 53713
                                                   Tel: (608) 258-8555; Fax: (608) 8299